1  Eric J. Benink, Esq., SBN 187434
   Krause Kalfayan Benink & Slavens, LLP
2  625 Broadway, Suite 635
   San Diego, CA 92101
3  (619) 232-0331 (ph)
   (619) 232-4019 (fax)
4  eric@kkbs-law.com

5  Attorneys for Plaintiff

6

7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11 | PERFECT 10, INC., a California corporation, | CASE NO. '11CV0905 H  MDD

12 |                                              | **COMPLAINT FOR:**

13 |             Plaintiff,                       |

14 |     v.                                       | **(1) COPYRIGHT INFRINGEMENT;**
                                                  | **(2) TRADEMARK INFRINGEMENT; (3)**
15 | GIGANEWS, INC., a Texas                      | **TRADEMARK DILUTION (4)**
     corporation; LIVEWIRE                        | **UNFAIR COMPETITION; AND**
16 | SERVICES, INC., a Nevada                     | **(5) VIOLATION OF RIGHTS OF**
     corporation; and DOES 1 through              | **PUBLICITY**
17 | 100, inclusive,                              |
                                                  | **DEMAND FOR JURY TRIAL**
18 |             Defendants.                      |

19

20

21

22

23

24

25

26

27

28

COMPLAINT

Plaintiff Perfect 10, Inc. ("Perfect 10") avers:

## JURISDICTION AND VENUE

1. <u>Jurisdiction</u>. This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b) and principles of supplemental jurisdiction.

2. <u>Venue</u>. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b)(2), (c), and § 1400(a).

3. <u>Personal Jurisdiction</u>. Personal jurisdiction may be asserted over the Defendants because the wrongful activity at issue concerns Defendants' operation of commercial businesses through which Defendants knowingly transact business and enter into contracts with individuals in California, including within the County of San Diego. Specifically, Defendants contract with California customers to sell monthly memberships for their services, which include the illegal reproduction, distribution, and display of copyrighted materials to California customers. Defendants also receive much of their revenue from Visa, Inc., a corporation headquartered in California. Each of the Defendants, therefore, has purposefully availed itself of the privilege of doing business in California, and material elements of Defendants' wrongdoing occurred in this State.

## THE PARTIES

4. Plaintiff Perfect 10 is a California corporation. Plaintiff published the popular magazine PERFECT 10 and owns and operates the internet website located at *perfect10.com.*

5. Defendants Giganews, Inc., ("Giganews") owns, operates, hosts, and/or controls the internet websites located at giganews.com and supernews.com and has various advertising operations, data storage facilities, and other businesses. It copies, reproduces, stores, distributes, displays, and

1  profits from unauthorized copyrighted materials, including large numbers of
2  pirated movies, songs, images, computer programs, and induces and assists
3  others to infringe copyrighted materials. Upon information and belief,
4  Giganews sells the infringing content on its giganews.com servers to one or
5  more of Defendant Livewire Services' websites who effectively acts as a
6  Giganews reseller: rhinonewsgroups.com, powerusenet.com, infinityusenet.com,
7  eurousenet.com, galacticgroups.com, cheapnewsgroups.com, fastusenet.com,
8  usenetgiant.com, and usenet.net. Giganews also hosts one or more of those
9  websites.
10       6.     Defendant Livewire Services, Inc. ("Livewire") owns, operates,
11  and/or controls the Internet websites located at rhinonewsgroups.com,
12  powerusenet.com, infinityusenet.com, eurousenet.com, galacticgroups.com,
13  cheapnewsgroups.com, fastusenet.com, usenetgiant.com, and usenet.net, among
14  others. Livewire copies, reproduces, stores, distributes, displays, and profits
15  from unauthorized copyrighted materials, including large numbers of pirated
16  movies, songs, images, computer programs, and induces and assists others to
17  infringe copyrighted materials.
18       7.     Ronald Yokubaitis ("Yokubaitis") is the Digital Millenium
19  Copyright Act ("DMCA") agent for giganews.com, nupernews.com, and all of
20  the infringing Livewire websites identified above. Yokubaitis is the Chairman
21  of Giganews.
22       8.     The computer servers that store the infringing content and host all
23  of the websites identified above are owned and/or controlled by Giganews and
24  are located in Austin, TX at Data Foundry, Inc., which is controlled and/or
25  operated by Yokubaitis.
26       9.     Does 1 through 100, inclusive, which are businesses owned or
27  controlled by Defendants either directly or indirectly, profit from and/or directly
28  or indirectly infringe or facilitate the infringement of Perfect 10 intellectual

1  property, are sued herein under fictitious names because their true names and
2  capacities are unknown to Perfect 10.

3      10.  When Perfect 10 ascertains the Doe Defendants' true names and
4  capacities, it will seek leave to amend this complaint to insert such true names
5  and capacities.  Perfect 10 is informed and believes, and on that basis avers, that
6  each Doe Defendant acted with Defendants and is responsible for the harm and
7  damages to Perfect 10 herein averred.  Each of the Defendants and the Doe
8  Defendants are referred to hereinafter collectively as "Defendants."

9      11.  The address of Livewire as listed on its DMCA filing at the U.S.
10  Copyright Office, is 1044 Liberty Park Drive, Austin, Texas 78746, which is the
11  same address listed for Data Foundry, Inc. and for Giganews.  The Federal
12  trademark applications for usenet.net and Rhino Newsgroups list the address of
13  Livewire as Austin, TX 78746.  Perfect 10 is informed and believes, and on that
14  basis avers, that at all times material herein, each of the Defendants acted under
15  common control and was the agent and/or employee of the other Defendants,
16  and, in doing the things herein averred, was acting within the course and scope
17  of such agency and employment.

18      12.  Perfect 10 is informed and believes, and on that basis avers, that at
19  all times material herein, each of the Defendants knew about, and contributed to
20  each other's infringement.  Both Defendants have attempted to conceal their
21  identities by registering their websites using Internet registration services that
22  hide the identity of the registered owner, and by failing to provide any contact
23  person, address or telephone number on their websites.

24  **THE BUSINESS OF PERFECT 10**

25      13.  The business of Perfect 10 consists of the design, creation,
26  production, marketing, promotion, and sale of copyrighted adult entertainment
27  products, including photographs, magazines, video productions, and other
28  media.

14. Perfect 10 was the publisher of the well-known magazine PERFECT 10, but was forced to close that magazine because of rampant infringement.

15. Perfect 10 creates or created, and sells or sold, calendars and other merchandise featuring its images, and was involved in the licensing of downloads of images for cell phones, but is not currently earning revenue from that endeavor because of rampant infringement.

16. Perfect 10 owns and operates the internet website *perfect10.com*. Consumers are provided access to content owned by Perfect 10 and made available by payment of a membership fee of $25.50 per month.

17. Perfect 10's revenues are currently derived predominantly from sales of memberships to its *perfect10.com* website. Sales of memberships to the *perfect10.com* website are made by providing the customer with an individual user name and password to access the website.

18. <u>The Perfect 10 Copyrighted Works</u>: Perfect 10 owns thousands of valuable and unique copyrighted photographs, as well as video productions and other proprietary materials, some of which are identified in Exhibit 1. As set forth in Exhibit 1, a substantial number of the copyrighted photographs are registered with the U.S. Copyright Office and others are pending registration. Perfect 10 owns the copyrights in and to these works (the "Perfect 10 Copyrighted Works"). A few samples of the more than 15,000 Perfect 10 copyrighted images that Defendants have infringed are included as Exhibit 2. Perfect 10 has invested, and continues to invest, substantial sums of money, time, effort, and creative talent to make and produce the Perfect 10 Copyrighted Works. In addition, in order to produce and sell the Perfect 10 Copyrighted Works, Perfect 10 is required to make numerous payments, including but not limited to model fees, photographer fees, location costs, styling costs, make-up costs, printing costs, film and processing costs, travel costs, as well as

distribution, public relations, legal, and advertising and promotion costs.

19. <u>The Perfect 10 Marks</u>:  Perfect 10 also is the owner of the valuable and well-known Perfect 10 family of trademarks, including but not limited to PERFECT 10, PERFECT10.COM, and P10 (the "Perfect 10 Marks").  These marks are used in commerce by Perfect 10 on and in connection with the sale of its products and services, including PERFECT 10 Magazine and *perfect10.com*.  Perfect 10 has spent millions of dollars advertising and promoting the Perfect 10 Marks and Perfect 10 products and services bearing these marks.  Perfect 10 has built and owns the valuable goodwill symbolized by the Perfect 10 Marks.  Three of Perfect 10's registered trademarks, registration numbers 2235145, 2202643, and 2573998, have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. Section 1065.

20. Goods and services bearing the Perfect 10 Marks have been featured and/or talked about on numerous television and radio shows (including *The Tonight Show, The Sopranos, The Amazing Race, Entourage, The Howard Stern Show*, *Dawson's Creek*, *Battledome*, *Fox News*, *Hard Copy*, *Entertainment Tonight*, *Extra*, *The Dating Game*, *Temptation Island*, *Monday Night Football*, *Hannity & Colmes*, *The O'Reilly Factor*, *The View*, and *Jenny Jones*), in motion pictures (including *Orphan*, *Superbad*, *Knocked Up*, *Spiderman*, *American Pie*, *Hollow Man*, and *The Way of the Gun*), and in newspapers and periodicals.

21. <u>The Perfect 10 Rights of Publicity</u>:  Perfect 10 contracts with models in connection with its magazine and website.  Perfect 10 secures assignments from some of those models of their rights of publicity (the "Perfect 10 Rights of Publicity").  The Perfect 10 Rights of Publicity are valuable because the identities, including the names and likenesses of these models are well-known and popular and attract/attracted purchasers of PERFECT 10 magazine and visitors and subscribers to *perfect10.com.*

22. The success of Perfect 10's business is almost entirely dependent

on its intellectual property rights.  Therefore, the ongoing and massive infringements of Perfect 10's rights, as herein described, is devastating to, and threatens the existence of, Perfect 10's business.

## THE BUSINESS OF DEFENDANTS

23. Giganews operates the internet websites giganews.com and supernews.com among others.  Livewire operates the internet websites rhinonewsgroups.com, powerusenet.com, infinityusenet.com, eurousenet.com, galacticgroups.com, cheapnewsgroups.com, fastusenet.com, usenetgiant.com, and usenet.net, among others.  Livewire resells infringing content provided to it by Giganews.  Upon information and belief, Giganews hosts one or more of the Livewire websites on its servers.

24. On each of the websites, Defendants sell to their customers for as little as $4.99 per month, access to their servers, which are virtual warehouses containing billions of dollars worth of copyrighted works, including pictures, movies, songs, and copyrighted software.  Defendants purportedly copy all of the materials on their servers from a global system of online bulletin boards called the USENET.  Each bulletin board on the USENET is commonly referred to as a "newsgroup."  Materials posted to the newsgroups (including copyrighted materials such as pictures, songs, full-length movies, software) are called "articles."  Defendants allow users to search their massive collections of infringing materials for specific files.  For example, a user interested in Perfect 10's works might use the search term "Perfect 10," "P10," or the names of Perfect 10 models.  A user interested in the movie *Star Wars* would use the search term "Star Wars."  Users may choose to display the articles from the Defendants' servers or can download the files directly to their own computer.

25. Defendants store the infringing materials on their servers.  They program their servers to distribute infringing content to other servers hosted by other third parties.  Defendants' servers, in turn, are programmed to copy

infringing materials from other third party servers. Defendants also control which materials are distributed to and copied from other third party servers.

26. Whereas the USENET may have at one time contained significant amounts of legal materials, most of the interest in the USENET is now centered around material in the "alt.binaries.*" newsgroups, which consist almost exclusively of pirated materials, including movies, songs, images, and computer software. Categories under the alt.binaries hierarchy include "movies," "pictures" and "warez" (which refers to illegal copies of copyrighted works.). On April 20, 2011, the alt.binaries.warez newsgroup contained 141,614,302 articles. 99% of the "articles" in the alt.binaries.* newsgroups are pirated copyrighted works. A number of internet service providers such as Sprint and Verizon have blocked their users' access to the alt.binaries.* newsgroups. Defendants' ability to generate monthly subscriptions and revenues is based almost exclusively on the demand for pirated copyrighted works contained in the alt.binaries* hierarchies.

27. Giganews claims that its service is "used by tens of millions of people around the globe."

28. Defendants are aware that they are illegally copying, reproducing, distributing, displaying, and selling massive quantities of infringing materials because they do not own the rights to any of the materials. Moreover, the alt.binaries* newsgroups are widely-known as sources of infringing copyrighted materials and a cursory review of any of the newsgroups in this category would reveal obviously-infringing works, such as newly-released Hollywood movies. Defendants are also aware that the USENET no longer has any significant legitimate application and virtually all of the activity on the USENET involves the authorized copying and distribution of infringing materials. Because Defendants charge membership fees, they are distributors and sellers of pirated materials.

29. Defendants have in total, copied, distributed, displayed, and sold, more than 165,000 Perfect 10 copyrighted images – roughly 15,000 Perfect 10 copyrighted images per website.

30. All of the Perfect 10 Copyrighted Works which Defendants provide to consumers are used without authorization. Defendants engage in and facilitate the massive and ongoing violations of Perfect 10's rights (as well as third-party rights) even though Defendants are aware that Perfect 10 never authorized or consented to the use by Defendants of the Perfect 10 Copyrighted Works, the Perfect 10 Marks, or the Perfect 10 Rights of Publicity.

31. On March 25, 2009, Perfect 10 sent to Giganews approximately 800 Perfect 10 copyrighted images, a number of which displayed Perfect 10 copyright notices. Perfect 10 notified Giganews that Giganews was infringing a vast collection of third party copyright works, Perfect 10 rights of publicity, and Perfect 10 copyrighted works. Giganews wrote back claiming that it could not find the allegedly infringing images based on that notice, which was simply not correct. Giganews could have found each and every one of those images by using its own search function to search for the image identifiers provided with Perfect 10's notice. Once it found an infringing Perfect 10 image in a particular group of such images (called an "article"), it could have blocked other Perfect 10 images displaying Perfect 10 copyright notices in that same group, but failed to do so. Six months later, Giganews was still selling access to many thousands of Perfect 10 copyrighted images that display Perfect 10 copyright notices.

32. On August 11, 2010, Perfect 10 sent to Giganews examples of obviously infringing episodes of the TV series America Idol, Big Bang Theory, CSI Miami, and How I Met Your Mother. Perfect 10 explained to Giganews that such materials were obviously infringing and that Perfect 10 could not compete with entities like Giganews, which steal and sell massive quantities of obviously copyrighted works, in competition against Perfect 10, who pays for

1  materials it sells.   Nevertheless, Giganews has continued to store, copy,
2  distribute, and sell access to massive quantities of similar infringing materials.

### FIRST CLAIM FOR RELIEF
### (Copyright Infringement)
### Against All Defendants

6   33. Perfect 10 re-avers and incorporates herein by reference each and every averment of paragraphs 1 through 32 above as though fully set forth herein.

9   34. Perfect 10 is the owner of all right, title, and interest to each of the Perfect 10 Copyrighted Works.  Perfect 10 has registered its works with the United States Copyright Office.  Perfect 10 has been issued United States copyright certificates some of which are listed on Exhibit 1, attached hereto.

13  35. Each of the Perfect 10 Copyrighted Works consists of material original with Perfect 10 and each is copyrightable subject matter.

15  36. Defendants have copied, reproduced, distributed, adapted, and/or publicly displayed the Perfect 10 Copyrighted Works without the consent or authority of Perfect 10, thereby directly infringing Perfect 10's copyrights.  A sample of the Perfect 10 Copyrighted Works infringed by Defendants is included as Exhibit 2.

20  37. Defendants' conduct constitutes infringement of Perfect 10's copyrights and exclusive rights under copyright in the Perfect 10 Copyrighted Works in violation of Sections 106 and 501, et. seq. of the United States Copyright Act, 17 U.S.C. §§ 106 and 501.

24  38. Defendants have induced, caused, and/or materially contributed to unauthorized copying, reproduction, adaptation, public display, and/or distribution of the Perfect 10 Copyrighted Works.

27  39. Defendants' conduct constitutes contributory infringement of Perfect 10's copyrights and exclusive rights under copyright in the Perfect 10

Copyrighted Works.

40. Defendants have directly profited from the infringement of Perfect 10's copyrighted works, and possess the right and ability to stop the sale of those works to their customers because they control every aspect of the copying, distribution, and sale of the pirated materials that are stored on their servers.

41. Defendants' conduct constitutes vicarious infringement of Perfect 10's copyrights and exclusive rights under copyright in the Perfect 10 Copyrighted Works.

42. The infringement of Perfect 10's rights in and to each of the Perfect 10 Copyrighted Works constitutes a separate and distinct act of infringement.

43. The acts of infringement by Defendants have been willful, intentional, and purposeful, in reckless disregard of and with indifference to the rights of Perfect 10.

44. As a direct and proximate result of the infringements by Defendants of Perfect 10's copyrights and exclusive rights under copyright in the Perfect 10 Copyrighted Works, Perfect 10 is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

45. Alternatively, Perfect 10 is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c).

46. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause, Perfect 10 great and irreparable injury that cannot fully be compensated in money. Perfect 10 has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Perfect 10 is entitled to injunctive relief prohibiting further infringements of Perfect 10's copyrights.

47. Perfect 10 further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement)

### Against All Defendants

48. Perfect 10 re-avers and incorporates herein by reference each and every averment of paragraphs 1 through 47 above as though fully set forth herein.

49. Perfect 10 is the owner of the Perfect 10 Marks, including the registered trademark/service marks PERFECT 10, PERFECT10.COM, and P10. The United States trademark/service mark registrations for PERFECT 10, PERFECT10.COM, and P10 include Registration Nos. 2,202,643, 2,235,145, 2,573,998, 2,709,583, and 3,094,437 for, among other goods and services, entertainment services in the nature of adult entertainment and beauty contests provided via a global computer network; entertainment services in the nature of beauty contests; and magazines featuring adult entertainment, beauty contests, pictures of female models, interviews, fiction, and articles on human relations, sports, entertainment, lifestyles, fitness, and calendars and unmounted photographs.

50. The Perfect 10 Marks have been continuously used in commerce by Perfect 10 and its predecessors, and are widely known throughout the United States. Three of Perfect 10's registered trademarks, registration numbers 2235145, 2202643, and 2573998 have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. Section 1065.

51. Perfect 10 has spent millions of dollars promoting and advertising the Perfect 10 Marks and products and services bearing the Perfect 10 Marks, and has marketed and sold millions of dollars of products and services under the Perfect 10 Marks.

52. As a direct result of the aforementioned use, promotion, and advertisement of the Perfect 10 Marks, Perfect 10 has built up and now owns

valuable goodwill symbolized by the Perfect 10 Marks.

53. As a direct result of the care and skill exercised by Perfect 10 over the nature and quality of goods and services sold under the Perfect 10 Marks and the extensive promotion, advertising, sale, and public acceptance thereof, the Perfect 10 Marks have become known as a symbol of the goodwill that Perfect 10 has created throughout the United States and elsewhere by selling products and services of high quality and by fairly and honorably dealing with the trade and public in the sale of these products and services.

54. Defendants infringe Perfect 10 trademarks by providing lists of titles containing such marks when a user searches for one of Perfect 10's copyrighted works. This constitutes infringement of the Perfect 10 Marks in violation of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125. When Defendants provide lists of titles that contain "Perfect 10," "P10," or other Perfect 10 trademarks, it is likely to create consumer confusion as to the affiliation, connection, or association of Perfect 10 and the Defendants and as to the origin, sponsorship and approval of the materials.

55. Defendants' conduct constitutes contributory infringement of the Perfect 10 Marks.

56. Defendants' conduct constitutes vicarious infringement of the Perfect 10 Marks.

57. Defendants' conduct has been and is willful and deliberate.

58. Perfect 10 is entitled to recover all damages sustained as a result of Defendants' unlawful conduct, including (a) Defendants' profits, (b) Perfect 10's damages, (c) treble those amounts, (d) costs of suit, and (e) reasonable attorneys' fees.

59. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause, Perfect 10 great and irreparable injury that cannot fully be compensated in money. Perfect 10 has no adequate remedy at

1  law.  Perfect 10 is entitled to injunctive relief prohibiting further infringements
2  of the Perfect 10 Marks.

### THIRD CLAIM FOR RELIEF

### (Trademark Dilution)

### Against All Defendants

6  60.  Perfect 10 re-avers and incorporates herein by reference each and every averment of paragraphs 1 through 59 above as though fully set forth herein.

9  61.  The Perfect 10 Marks have become and at all relevant times have been "famous" within the meaning of 15 U.S.C. § 1125(c).

11  62.  In response to searches on Perfect 10's marks, Defendant's provide their users with files or groups of images whose names contain those marks, which either intermingle Perfect 10's high-quality images with images of poor quality or of an offensive or illegal nature owned by third parties, or provide solely low quality explicit images that have nothing to do with Perfect 10.  The acts of Defendants averred herein have lessened the capacity of the Perfect 10 Marks to identify and distinguish Perfect 10's services and products from Defendants sites, have tarnished the valuable image and reputation associated with the Perfect 10 Marks, and have created an undesirable, unwholesome, or unsavory mental association with Perfect 10 and the Perfect 10 Marks, damaging Perfect 10's goodwill and disparaging Perfect 10's rights in the Perfect 10 Marks.  Defendants' acts and conduct are in violation of 15 U.S.C. § 1125(c). Defendants have willfully intended to trade on Perfect 10's reputation and/or to cause dilution of the Perfect 10 Marks.  Accordingly, Perfect 10 is entitled to recover all damages sustained as a result of Defendants' unlawful conduct, including (a) Defendants' profits, (b)  Perfect 10's damages, (c) treble those amounts, (d) costs of suit, and (e) reasonable attorneys' fees.

28  63.  Defendants' conduct is causing and, unless enjoined and restrained

by this Court, will continue to cause, Perfect 10 great and irreparable injury that cannot fully be compensated in money. Perfect 10 has no adequate remedy at law. Perfect 10 is entitled to injunctive relief prohibiting further dilution and disparagement of the Perfect 10 Marks.

## FOURTH CLAIM FOR RELIEF

### (Violation of California Unfair Competition Law – Cal. Bus. & Prof. Code §§ 17200, et seq.)

### Against All Defendants

64. Perfect 10 re-evers and incorporates herein by reference each and every averment of paragraphs 1through 32 and 48 through 63 above as though fully set forth herein.

65. Without authorization or license, Defendants have commercially exploited and used millions of marketable adult-oriented photographs and likenesses, which range from tame to explicit. Through these photographs, which make Defendants content providers for adult photographs of every type and quality, as well as the use of the names of the persons depicted, Defendants are unlawfully exploiting the publicity rights and trademark rights of Perfect 10, as well as the publicity rights, trademark rights of third-parties. Defendants are also selling without authorization, in competition with Perfect 10, billions of dollars in stolen songs, full-length movies, and even computer software. This conduct enables Defendants to compete directly and unfairly with Perfect 10 by, among other things, offering for free millions of valuable photographs and likenesses, and thousands of songs, and full length movies, as well as computer software. The costs to license these materials are so enormous (at least hundreds of millions of dollars), so as to make it impossible for Perfect 10 to legally compete.

66. Defendants are infringing and diluting Perfect 10's and other parties' trademarks, as alleged herein.

1  67. Defendants are misleading consumers into believing that their multiple websites offer different materials so as to sell more memberships. Neither Livewire nor Giganews discloses that infringing movies, songs, computer software, and images offered by their various websites are essentially the same, hoping that the consumer will buy multiple memberships without realizing that they are making multiple payments for the same infringing materials.

68. Defendants' acts and practices alleged herein constitute unfair, unlawful, and fraudulent business acts and practices within the meaning of California Bus. & Prof. Code §§ 17200, et. seq.

69. Defendants engaged in unfair business acts and practices in that the harm caused by its conduct outweighs any utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and cause substantial injury to Perfect 10.

70. All of the above is causing direct injury to Perfect 10's business. Perfect 10 has suffered injury in fact and has lost money and property as a result of such unfair competition.

71. Perfect 10 seeks an injunction prohibiting Defendants from further engaging in such unfair business acts and practices and for an order of restitution and/or disgorgement.

**FIFTH CLAIM FOR RELIEF**

**(Violation of Rights of Publicity –**

**Cal. Civ. Code § 3344 and Common-law Right of Publicity)**

**Against All Defendants**

72. Perfect 10 re-avers and incorporates herein by reference each and every averment of paragraphs 1 through 32 and 48 through 71 above as though fully set forth herein.

73. Perfect 10 is the owner of the Perfect 10 Rights of Publicity, as the

assignee of publicity rights, including in the names, photographs, and likenesses, of certain Perfect 10 models ("the Perfect 10 Rights of Publicity"). Largely as a result of the efforts and expenditures of Perfect 10, the names, photographs, and likenesses of these Perfect 10 models have received widespread recognition, particularly among the consumers and potential consumers of adult entertainment products.

74. Defendants have infringed the Perfect 10 Rights of Publicity by providing lists of the models' names and by returning images that are not of the model (including sexually explicit, defamatory images) when a user searches for images of the models. Defendants have knowingly used the Perfect 10 Rights of Publicity, without the prior consent of Perfect 10 or any authorized party.

75. By reason of Defendants' acts and conduct, Perfect 10 has suffered substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and a dilution of the value of its exclusive rights of publicity, all of which are not yet fully ascertainable. Perfect 10 is entitled to recover (a) its actual damages, (b) profits of the infringer, (c) statutory damages, (d) punitive damages, and (e) attorneys' fees and costs.

76. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Perfect 10 great and irreparable injury that cannot fully be compensated in money. Perfect 10 has no adequate remedy at law. Perfect 10 is entitled to injunctive relief prohibiting further infringements of its rights of publicity.

77. Perfect 10 is informed and believes, and on that basis avers, that the aforementioned acts of Defendants were willful, oppressive, fraudulent, or malicious, and Perfect 10 therefore is entitled to punitive damages.

78. Perfect 10 further is entitled to its attorneys' fees and statutory damages pursuant to California Civil Code § 3344(a) and other laws.

# **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Perfect 10 prays for judgment against Defendants, and each of the Doe Defendants, jointly and severally, as follows:

1. That Defendants and their officers, agents, servants, employees, representatives, successors, and assigns, and all persons in active concert or participation with them, be temporarily, preliminarily and permanently enjoined from:

   a. copying, reproducing, distributing, adapting, selling access to, or publicly displaying the Perfect 10 Copyrighted Works;

   b. posting Perfect 10 copyrighted photographs on the internet;

   c. using, authorizing the use of, copying, reproducing or imitating the Perfect 10 Marks, or any confusingly similar or colorable imitation thereof;

   d. violating the Perfect 10 Rights of Publicity;

   e. competing unfairly with Perfect 10 by violating the publicity rights of Perfect 10 and others, and by infringing trademark rights; and

   f. inducing, causing, materially contributing to, and profiting from the foregoing acts committed by others.

2. That Defendants be ordered to destroy all photographs, documents, and other items, electronic or otherwise, in its possession, custody, or control, that infringe the copyrights, trademarks, or rights of publicity of Perfect 10.

3. For an order of restitution and/or disgorgement in the amount of the benefit to Defendants by reason of their unlawful conduct, in an amount to be proven at trial, but not less than $5 million.

4. For Perfect 10's actual damages, in an amount to be proven at trial, but not less than $5 million.

5. For a full accounting of all profits, income, receipts, or other

benefits derived by Defendants as a result of its unlawful conduct.

6. For statutory damages under the Copyright Act, in an amount to be proven at trial, but not less than $5 million.

7. For treble damages under the Lanham Act, in an amount to be proven at trial, but not less than $5 million.

8. For statutory damages under California Civil Code Section 3344, in an amount to be proven at trial, but not less than $5 million.

9. For the imposition of a constructive trust.

10. For punitive damages.

11. For attorneys' fees and full costs.

12. For such other and further relief as this Court deems just and appropriate.

Dated:  April 28, 2011            KRAUSE KALFAYAN BENINK & SLAVENS, LLP.

By: */s/ Eric J. Benink*
    Eric J. Benink
    Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff Perfect 10, Inc. hereby demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: April 28, 2011

KRAUSE KALFAYAN BENINK & SLAVENS, LLP

By: */s/ Eric J. Benink*
    Eric J. Benink
    Attorney for Plaintiff